UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HEYWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAYWARD POLICE DEPARTMENT and OFFICER CLARK,<br><br>　　　　Defendants. | Case No. 14-cv-03618-MEJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

On August 11, 2014, Plaintiff Marco Heyward ("Plaintiff") brought this case under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants Hayward Police Department and Police Officer Clark ("Defendants") "contacted [him] without probable cause, search[ed], frisked, and detained [him] when [he] was breaking no law(s)," and thereafter "collectively decided and collaborated to falsify prepared documentations to seek a false conviction." Compl. at 2, Dkt. No. 1. Plaintiff represents himself in this matter, and the Court granted his Application to Proceed In Forma Pauperis on August 14, 2014. Dkt. No. 4. Since that time, Plaintiff has repeatedly failed to comply with court orders and failed to communicate with opposing counsel regarding his discovery obligations. For the reasons set forth below, the Court **DISMISSES** this case for failure to prosecute.

## BACKGROUND

On April 10, 2014, Plaintiff was walking westbound on Jackson Avenue in the City of Hayward. Compl. at 2. Plaintiff states that he "experienced leg difficulties" while walking due to his disability. *Id.* Officer Clark saw Plaintiff and searched, frisked, and detained him. *Id.* Plaintiff informed Officer Clark that he walked a lot throughout the city to strengthen his knees as

1    he had recently had surgery on both knees and was having complications with his left knee.
2    Officer Clark took Plaintiff into custody. *Id.*  Plaintiff alleges that he was detained illegally and
3    searched without probable cause. *Id.*

4        Defendants maintain that Officer Clark observed Plaintiff staggering while walking near a
5    busy intersection, after which he conducted a welfare check and ascertained that Plaintiff was
6    intoxicated and posed a danger to himself.  Defs.' Case Mgmt. Stmt. at 2.  Plaintiff was
7    transported to the Hayward Police Department Jail for detention, and released upon sobriety. *Id.*
8    Plaintiff attributes no injuries to the incident and he did not seek medical treatment.  Defs.' Mot.
9    for Sanctions ("Mot."), Dkt. No. 23, Ex. 2 (Pl.'s Resps. to Defs.' Interrogs.), Nos. 13-14,

10       On November 3, 2014, the Court issued a Case Management Order, referring the parties to
11   Early Neutral Evaluation and setting April 14, 2015 as the discovery deadline.  Dkt. No. 17.
12   Defendants sent Interrogatories and Requests for Production of Documents on December 8, 2014,
13   and received Plaintiff's responses on January 20, 2015.  Defs.' Mot. for Sanctions, Exs. 2, 3.
14   Defendants attempted to meet and confer with Plaintiff on January 21 regarding his responses, but
15   Plaintiff did not respond.  Mot. at 3; Nishioka Decl. (attached as Ex. 1 to Mot.) ¶ 6 & Attach. A.
16   Defendants attempted to contact Plaintiff several more times, but Plaintiff still did not respond.
17   Nishioka Decl. ¶¶ 7-11; Attachs. B-F.

18       On March 9, 2015, Defendants filed a request to enforce the Court's meet and confer
19   requirement regarding outstanding discovery disputes.  Dkt. No. 20.  Based on Defendants'
20   request, the Court ordered Defendants to file their portion of a draft joint letter, after which
21   Plaintiff was to file any response within seven days.  Dkt. No. 21.  Although Defendants filed their
22   letter on March 16, 2015 (Dkt. No. 22), Plaintiff failed to respond.

23       On March 24, 2015, Defendants filed a Motion for Attorney's Fees and Sanctions, seeking
24   sanctions for Plaintiff's failure to comply with his discovery obligations and failure to abide by the
25   Court's orders, including the undersigned's Discovery Standing Order.  Mot. at 1-2.  On March
26   25, 2015, the Court ordered Plaintiff to show cause by April 7, 2015, why this case should not be
27   dismissed for failure to prosecute and failure to comply with court deadlines.  Dkt. No. 24.  The
28   Court provided notice to Plaintiff that it may dismiss the case if he failed to respond by the

2

deadline. As of the date of this Order, Plaintiff has failed to respond to Defendants' Motion or the Court's Order to Show Cause. Further, although the Court referred the parties to the ADR Unit, Plaintiff did not appear for the Early Neutral Evaluation hearing, which the ADR Unit scheduled for March 26, 2015. *See* Dkt. Nos. 17, 19. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

The Court finds that the *Henderson* factors support dismissal of this case. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff delayed adjudication of the claims in this case by failing to respond to Defendants' discovery requests, the pending Motion for Sanctions, and the Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-

compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to respond to Defendants' Motion and the Court's Order to Show Cause, offered no explanation for the failure to respond (and did not request an extension of the filing deadline), and did not appear for the early neutral evaluation hearing. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). The Court provided Plaintiff the opportunity to deviate from the undersigned's Discovery Standing Order requirements by permitting him to file a separate discovery letter in response to Defendants' requests. Plaintiff did not respond. The Court also attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain his

failure to prosecute. As Plaintiff failed to respond, another order requiring him to do so is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus he cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to file an opposition to Defendants' Motion and failed to respond to the March 25, 2015 Order to Show Cause. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendants, but dismissing the case without prejudice will preserve the ability of Plaintiff to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders. As Plaintiff appeared pro se in this matter and the case remained in the early stages of litigation, the Court finds monetary sanctions unnecessary and therefore **DENIES** Defendants' request for attorney's fees.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HEYWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAYWARD POLICE DEPARTMENT OFFICER, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-03618-MEJ<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 4/13/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marco  Heyward
P.O. Box 466
Hayward, CA 94543

Dated: 4/13/2015

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Chris Nathan, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable MARIA-ELENA JAMES